UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WOOD, ATTER & WOLF, P.A., on behalf
of itself and all others similarly situated,

    Plaintiff,

vs.                                      Case No. 3:19-cv-665-J-34PDB

SOLANTIC CORPORATION d/b/a
CARESPOT EXPRESS HEALTHCARE,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On June 5, 2019, Defendant Solantic Corporation, d/b/a CareSpot Express Healthcare (CareSpot), filed Defendant's Notice of Removal of Civil Action (Doc. 1;

1

Notice) removing this case from the Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1. In the Notice, CareSpot asserts that this Court has federal question jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 because all of Plaintiff's state based claims require interpretation and application of the HITECH Act, which is part of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 42 U.S.C. § 1320d; 45 C.F.R. § 164.524. Notice at 2-3. Plaintiff's five counts against CareSpot include allegations of violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) (Counts I & II), violation of Florida's Consumer Collection Practices Act (FCCPA) (Count III), unjust enrichment (Count IV), and negligence (Count V). See Doc. 4 at 10, 12, 14, 15, 17 (Complaint). Plaintiff's claims are predicated on CareSpot's alleged violation of duties imposed upon it by the terms of the HITECH Act. Id. at 10-11, 13, 15-18. At bottom, Plaintiff asserts that CareSpot imposed charges against it for copies of medical records, where such charges exceeded the limits laid out in federal law. Id. at 6-7. Based on the current filings before the Court however, it is not clear that the Court possesses federal question jurisdiction over this matter.

Courts have consistently held that HIPPA, of which the HITECH Act is a part, does not create a private right of action. Sneed v. Pan Am. Hosp., 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that HIPPA creates a private right of action . . . ."); Rois v. Partners in Primary Care, P.A., SA-18-CV-538-FB, 2019 WL 668509, *6 (W.D. Tex. Feb. 15, 2019) ("HIPPA (and the HITECH ACT as part of its statutory and regulatory scheme) do not provide for a private right of action . . . ."); Ruggieri v. City of Hoover, No. 2:18-cv-476-VEH, 2018 WL 3548733, *6 (N.D. Ala. July 24, 2018) (no private right of action under HIPPA); Sullivan v. Clallam County Pub. Health Dist., No. 3:16-cv-5280-RJB, 2016 WL

3059409, *2 (W.D. Wash. May 31, 2016) (HITECH Act does not give rise to a private cause of action).[1]

As a consequence of the absence of a private right of action, federal courts have concluded that federal question jurisdiction is similarly lacking for claims asserting HITECH Act and HIPPA violations. See Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1083 (9th Cir. 2007) (in the context of a HIPPA claim "where there is no federal private right of action, federal courts may not entertain a claim that depends on the presence of federal question jurisdiction under 28 U.S.C. § 1331"); Haith ex. rel. Accretive Health, Inc. v. Bronfman, 928 F. Supp. 2d 964, 970-72 (N.D. Ill. 2013) ("the fact that Plaintiff's state law claims turn in part on the application of federal laws – the HIPPA, the HITECH Act, the FDCPA, and the federal securities laws — is not enough" to "fall within the 'arising under' jurisdiction of § 1331"). In light of this authority, the Court presently cannot conclude that it has subject matter jurisdiction over this action.[2]

Accordingly, it is **ORDERED**:

---

[1] In citing to the aforementioned cases, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] CareSpot does not assert that the Court could otherwise exercise jurisdiction over this matter by virtue of diversity jurisdiction. See 28 U.S. § 1332. In this regard, the Court notes that Plaintiff's Complaint may contain allegations sufficient to establish diversity among the parties. Complaint at 2. However, the Complaint suggests, at most, that CareSpot overcharged Plaintiffs by $19.25. Id. at 6. Nothing else in the Complaint, or in CareSpot's Notice, suggests that the amount in controversy between the parties exceeds $75,000. See 28 U.S.C. § 1332.

Defendant is directed to **SHOW CAUSE** by written response no later than **August 1, 2019**, why this case should not be remanded to state court for lack of federal question jurisdiction.

**DONE AND ORDERED** at Jacksonville, Florida on July, 18, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties